UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOODOO BBQ & GRILL, LLC**<br>          **Plaintiff**<br><br>**v.**<br><br>**NOLA FOODS, LLC d/b/a WHOODOO BBQ and DEMIETRIEK SCOTT, individually**<br>          **Defendants** | **CASE ACTION NO.:**<br><br>**DIVISION " "**<br>**JUDGE**<br><br>**SECTION " "**<br>**MAGISTRATE JUDGE** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, TRADEMARK DILUTION, UNFAIR COMPETITION, AND LOUISIANA STATE CAUSES OF ACTION**

Plaintiff VooDoo BBQ & Grill, L.L.C. submits this Complaint against NOLA Foods, L.L.C. d/b/a WHOODOO BBQ.

**PARTIES**

1.  VooDoo BBQ & Grill, L.L.C ("VooDoo") is a Louisiana corporation with its principal place of business at 40306 HWY 42, suite 202D, in Prairieville, Louisiana.

2.  VooDoo is the owner of several United States Trademark Registrations, including the following standard character marks: VOODOO BBQ (U.S. Reg. No. 3,253,620), VOODOO BBQ AND GRILL (U.S. Reg. No. 3,250,367), and VOODOO BBQ & GRILL (U.S. Reg. No. 4,613,010). VooDoo also owns the following design marks: VOODOO BBQ (U.S. Reg. No. 2,720,801), VOODOO BBQ & GRILL (U.S. Reg. No. 3,252,836), and VOODOO BBQ XPRESS (U.S. Reg. No. 3,564,148). These registered marks will be referred to collectively in this Complaint as the "VOODOO BBQ MARKS." Copies of these registrations are attached as Exhibit 1.

3.      Defendant Nola Foods, L.L.C. d/b/a Whoodoo BBQ, based on information and belief, is a Georgia limited liability company having a principal place of business at 2660 St. Philip Street, New Orleans, Louisiana.

4.      Defendant Demietriek Scott, based on information and belief, is a resident of New Orleans, Louisiana.  Upon information and belief, Scott owns, operates and has control over Nola Foods, L.L.C.  Scott and Nola Foods will collectively be referred to in this Complaint as "Nola Foods" or "Defendants."

## JURISDICTION AND VENUE

5.      This is an action for federal trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, and false designation of origin, under the Lanham Act, 15 U.S.C. § 1051 et seq., injury to business reputation and trademark dilution, under LA. REV. STAT. § 51:223.1, unfair trade practices, under LA. REV. STAT. § 51:1401 et seq., including unfair competition, and unfair or deceptive acts or practices in the conduct of trade and commerce, under LA. REV. STAT. § 51:1405(A).

6.      This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 (actions arising under the Lanham Act); 28 U.S.C. §§ 1338(a) and (b) (acts of Congress relating to trademarks, and unfair competition claims joined therewith); and, 28 U.S.C. §1367(a) (supplemental jurisdiction over related actions arising under state law).

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF'S VOODOO BBQ MARKS

8.      VooDoo opened its first restaurant in 2002 on historic St. Charles Avenue in the heart of New Orleans.

9. VooDoo has gained national recognition for its unique blend of spices and flavors used in marinades and sauces for its barbequed meats. VooDoo's style of barbeque is what paved the way for what is known as "New Orleans barbeque." VooDoo's barbequed meats, sauces, and marinades are always in great demand among tourists visiting New Orleans each year and are sold in interstate commerce for private home use, and use at private parties.

10. Over the past fourteen years, VooDoo's reputation for New Orleans barbeque has allowed it to grow and expand its business throughout the United States, opening several restaurants in Texas, Florida, and Indiana.

11. Since as early as January 28, 2002, VooDoo has used the trademark "VOODOO BBQ" continuously and in interstate commerce to identify Plaintiff's restaurant services and related barbeque products.

12. Since VooDoo began using its VOODOO BBQ MARKS, substantial time, money and labor have been devoted to the development, enhancement, expansion, advertisement, promotion and marketing of the VOODOO BBQ services and product lines. As a result of these efforts, the extensive goodwill built up by VooDoo, and the high quality of products manufactured and services provided under the marks, VooDoo's annual sales of VOODOO-branded products and services exceeds millions of dollars.

13. VooDoo's federal trademark registrations for the VOODOO BBQ MARKS are valid, subsisting and remain in full force and effect, and evidence VooDoo's exclusive right to use the VOODOO BBQ MARKS in connection with the goods and services identified in the registrations. Additionally, a number of VooDoo's federal trademark registrations have become incontestable. VooDoo has the right to sue for and recover damages for infringement of the VOODOO BBQ MARKS.

14. At no time has VooDoo licensed or otherwise authorized Nola Foods to use any of the VOODOO BBQ MARKS.

## DEFENDANTS' INFRINGING CONDUCT

15. Nola Foods owns and operates a restaurant and catering service in New Orleans, Louisiana known as Whoodoo BBQ wherein barbequed meats and specialty sauces, among other items, are sold directly to consumers and vendors.

16. According to a recent article published in Biz New Orleans, Chef Demietriek Scott discussed the genesis of "Whoodoo BBQ" explaining that his original sauce was called "Chef Scott's BBQ Sauce," but he later realized that he needed to refresh his brand to stand out. The article mentions that Scott was inspired by the name of a mystical power his mother often referenced in regards to relationships. "She had always used a saying that women would date men and either put a spell them or use some type of "***hoodoo or voodoo"*** to make them always come back and see them," Scott said. A copy of the article is attached as Exhibit 2.

17. Nola Foods has sold, offered for sale, marketed and advertised its goods and services using the "Whoodoo BBQ" name which infringes one or more of the VOODOO BBQ MARKS. Customers are likely to be confused that the barbeque food items and specialty barbeque sauces offered for sale, sold and marketed by Nola Foods under the name "Whoodoo BBQ" is somehow affiliated with, approved or sponsored by VooDoo.

18. Defendant Scott is the founder and president of defendant Nola Foods, L.L.C. Scott is responsible for overseeing the marketing of Nola Foods' goods and services, including the company's promotion and sale of the infringing goods. Scott was personally involved in the decision to use "Whoodoo BBQ" as a brand name for Nola Foods' infringing services and sale of

the infringing goods. Scott approved and authorized Nola Foods' infringing actions and is the principal, driving force behind the infringement.

19. On May 10, 2014, Nola Foods wrongfully registered the trademark WHOODOO with the Secretary of State for the State of Louisiana (Book # 65-1815). The registration indicates that Nola Foods first used the WHOODOO mark on July 1, 2013, over eleven years after VooDoo opened its first restaurant in New Orleans and began using the VOODOO BBQ MARKS. A copy of Nola Foods' Louisiana registration is attached as Exhibit 3.

20. VooDoo has repeatedly contacted Nola Foods to demand that Nola Foods cease its infringing conduct. Specifically, on or around April 21, 2015, counsel for VooDoo sent a letter to Nola Foods and Scott advising Defendants of Plaintiff's exclusive trademark rights and asking Defendants to cease their infringing conduct. Defendants ignored Plaintiff's requests. Again, on or around June 17, 2015, counsel for VooDoo sent letters to Nola Foods and Scott demanding Defendants cease infringing. Notwithstanding these previous notices, on or about June 26, 2015, Scott informed Plaintiff that he was going to continue with his plans to open a WhooDoo BBQ restaurant and sell related barbeque products and sauces when he had the means to do so. In a responsive letter dated June 30, 2015, counsel for VooDoo advised Defendants that if Defendants continued with their business plans to develop the WhooDoo BBQ restaurant and related products, VooDoo would be forced to take legal action. Defendants have continually ignored Plaintiff's requests and warnings, forcing VooDoo to file this lawsuit. Plaintiff's communications to Defendants are attached as Exhibit 4.

21. Nola Foods has willfully infringed Plaintiff's VOODOO BBQ MARKS and, despite repeated requests, has refused to stop using confusingly similar designations to sell and promote its products and services.

22. Nola Foods' infringing conduct is depriving VooDoo of the absolute right to control the quality of the VOODOO BBQ MARKS. VooDoo has spent many years building up enormous goodwill and value associated with the VOODOO BBQ MARKS, which Nola Foods is now jeopardizing. VooDoo cannot control this goodwill while Nola Foods continues infringing upon the VOODOO BBQ MARKS.

23. In addition, Nola Foods' infringement is damaging VooDoo's reputation. Nola Foods' blatant infringing conduct conveys to the public and to the marketplace that VooDoo's intellectual property can be taken advantage of and that its valuable brand can be used in a manner that is detrimental to its business. This damage to VooDoo's reputation will not only affect the VOODOO BBQ MARKS, but will also affect VooDoo's business as a whole.

24. VooDoo has been and will continue to be damaged by Nola Foods' activities in an amount which can only be determined through an accounting.

## COUNT I

**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

25. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 24 as if set forth fully herein.

26. This Count, arising under Section 32 of the Lanham Act, 15 U.S.C. §1114, is for infringement of a federally registered trademark.

27. The trademark registrations for Plaintiff's VOODOO BBQ MARKS were duly and legally issued and Plaintiff has the right to sue for and recover damages for infringement of the VOODOO BBQ MARKS.

28. Nola Foods has sold, offered for sale, marketed and advertised barbequed meats, sauces, and barbeque restaurant services under the name "WHOODOO BBQ", which infringes

one or more of the VOODOO BBQ MARKS. Customers are likely to be confused that the services and products offered for sale, sold and marketed by Nola Foods under the name "WHOODOO BBQ" are somehow affiliated with, approved or sponsored by Plaintiff VooDoo.

29. Plaintiff has been and will continue to be damaged by Nola Foods' activities in an amount which can only be determined through an accounting.

30. Nola Foods has willfully and intentionally infringed Plaintiff's VOODOO BBQ MARKS and, despite repeated requests, has refused to stop using confusingly similar designations to sell and promote its products and services. Plaintiff is entitled to an award of treble damages against Nola Foods.

31. Nola Foods' acts make this an exceptional case, warranting attorney fees and costs.

32. Plaintiff is entitled to an order, preliminarily and permanently enjoining Nola Foods from further use of the "WhooDoo BBQ" designation, or any confusingly similar mark in connection with its restaurant services and related products.

## COUNT II

### (Federal Trademark Counterfeiting Under 15 U.S.C. § 1114)

33. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 32 as if set forth fully herein.

34. As stated above, Plaintiff owns the exclusive rights in the U.S. registrations for the VOODOO BBQ MARKS.

35. Nola Foods has knowledge of Plaintiff's rights in the U.S. registrations for the VOODOO BBQ MARKS.

36. Without Plaintiff's authorization or consent, Nola Foods has used designations

substantially similar to the VOODOO BBQ MARKS to offer and advertise services identical to those offered by Plaintiff. As a result, Nola Foods has engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

37. Nola Foods' use of designations identical or substantially indistinguishable from the registered VOODOO BBQ MARKS in connection with identical services is likely to cause and is causing confusion, mistake, and deception among consumers as to the origin of Nola Foods' services, and is likely to deceive the public into believing the services being offered and sold by Nola Foods originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation and goodwill.

38. Nola Foods' acts have occurred in interstate commerce and have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III

### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c))

39. Plaintiff repeats and reasserts the allegations set forth in Paragraphs 1 to 38 as if set forth fully herein.

40. As a result of the duration, extent, and geographic reach of Plaintiff's use of the VOODOO BBQ MARKS, and the publicity and advertising associated with the VOODOO BBQ MARKS, the VOODOO BBQ MARKS have achieved an extensive degree of distinctiveness and are famous marks under the Lanham Act, 15 U.S.C. § 1125(c). The VOODOO BBQ MARKS are widely-recognized by the consuming public as a designation of source of Plaintiff's goods and services.

41. Nola Foods began using the designation that is identical or substantially

indistinguishable to the VOODOO BBQ MARKS in interstate commerce in connection with Nola Foods' services long after the VOODOO BBQ MARKS became famous and distinctive.

42. Nola Foods' use of the designation that is identical or substantially indistinguishable to the VOODOO BBQ MARKS dilutes, or is likely to dilute, by blurring the distinctive quality of the famous VOODOO BBQ MARKS and by tarnishing the reputation of Plaintiff and the VOODOO BBQ MARKS under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43. These acts have caused, and unless restrained by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT IV

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

44. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 43 as if set forth fully herein.

45. This Count, arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition and false designation of origin.

46. Plaintiff's VOODOO BBQ MARKS have become uniquely associated with VooDoo, and identify VooDoo's goods and services to the public.

47. Nola Foods' use, and threatened continued use, of a confusingly similar mark, in connection with the sale of barbeque restaurant services and goods, constitutes unfair competition, and false designations of origin as to the goods and services sold by and on behalf of Nola Foods and comprise false and misleading representations.

48. As a direct and proximate result of Nola Foods' false designations of origin and false and misleading representations, VooDoo has been damaged, and unless Nola Foods is restrained by this Court, VooDoo will continue to suffer serious, irreparable injury.

49. Plaintiff is entitled to recover from Nola Foods all damages sustained as a result of its acts. VooDoo is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

50. Nola Foods' conduct was intentional and Plaintiff is entitled to an award of treble damages against Nola Foods.

51. Plaintiff is entitled to an order preliminarily and permanently enjoining Nola Foods from further acts of unfair competition, false designations of origin, and false and misleading representations.

52. Nola Foods acts make this an exceptional case, warranting attorney fees and costs.

## COUNT V

**(Injury to Business Reputation and Trademark Dilution under La.R.S. § 51:223.1)**

53. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 52 as if set forth fully herein.

54. This Count, arising under LA. REV. STAT. § 51:223.1, is for injury to business reputation, and trademark dilution.

55. Nola Foods' use, and threatened continued use, of the confusingly similar trademark has injured, or is likely to injure, VooDoo's business reputation, and has diluted, or will dilute, the distinctive character of Plaintiff's VOODOO BBQ MARKS, through blurring and/or tarnishment.  Unless enjoined, Nola Foods' conduct will cause VooDoo further irreparable harm, and VooDoo is entitled to injunctive relief.

## COUNT VI

**(Unfair Trade Practices Under La.R.S. § 51:1401, *et seq.*)**

56. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 55 as if set forth fully herein.

57. This Count, arising under LA. REV. STAT. § 51:1401 et seq., is for unfair methods of competition and unfair and deceptive acts or practices.

58. Nola Foods' activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405.

59. Pursuant to LA. REV. STAT. § 51:1409, VooDoo is entitled to recover from Nola Foods, all actual damages sustained by Plaintiff as a result of Nola Foods' acts. VooDoo is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

60. Unless enjoined, Nola Foods' unfair methods of competition, and unfair and deceptive acts and practices will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief.

## COUNT VII

**(Cancellation of the "WhooDoo" Trademark under La.R.S. 52:219)**

61. Plaintiff repeats and reasserts the allegations set forth in paragraphs 1 to 60 as if set forth fully herein.

62. This Count, arising under La. R.S. 52:219, seeks cancellation of the WHOODOO trademark registered by Nola Foods with the Secretary of State for the State of Louisiana.

63. The WHOODOO mark is so similar to the VOODOO BBQ MARKS, that the public is likely to be confused, mistaken, or deceived that the goods and services sold under the WHOODOO mark are somehow affiliated with, approved or sponsored by Plaintiff VooDoo.

64. The VOODOO BBQ MARKS have been in consistent use since as early as 2002. The VOODOO BBQ Mark (U.S. Trademark Reg. No. 7,894,188) was registered on June 19, 2007. The VOODOO BBQ AND GRILL Mark (U.S. Trademark Reg. No. 3,250,367) was registered on June 12, 2007. Both of these marks have achieved "incontestable status" with the United States Patent and Trademark Office.

65. Pursuant to LA. REV. STAT. § 51:219, VooDoo requests that this Court cancel the WHOODOO trademark registered to Defendant Nola Foods, L.L.C. in the state of Louisiana.

## PRAYER FOR RELIEF

66. A preliminary and permanent injunction against continued infringement of the VOODOO BBQ MARKS by Nola Foods and all persons operating in concert with Nola Foods;

67. Cancellation of the WHOODOO trademark registered with the Louisiana Secretary of State.

68. An accounting for and award of damages resulting from Nola Foods' sale, offer for sale and marketing of its infringing goods and services;

69. An award of treble damages against Nola Foods;

70. An assessment of interest on the damages;

71. An award of plaintiff's costs, expenses and attorney fees in this action; and,

72. Such other and further relief as the Court deems appropriate.

DATED this 20th day of July, 2016.

    Respectfully submitted,

    /s/ Gregory D. Latham
    Gregory D. Latham, LA Bar No. 25955
    Kent Barnett, LA Bar No. 33002
    Stephen Kepper, LA Bar No. 34618
    INTELLECTUAL PROPERTY CONSULTING, LLC
    334 Carondelet Street, Suite B
    New Orleans, LA 70130
    Telephone: (504) 322-7166
    Facsimile: (504) 322-7184
    glatham@iplawconsulting.com
    kbarnett@iplawconsulting.com
    skepper@iplawconsulting.com

    *Attorneys for VooDoo BBQ and Grill, LLC.*